Audrey C. Weinberg, Petitioner v. Commonwealth of Pennsylvania, Insurance Department and Keystone Insurance Company, Respondents.

Argued February 9, 1979, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*John M. Weinberg,* for petitioner.

*John H. Isom,* Assistant Attorney General, with him *Daniel Stern,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent, Insurance Department.

*Birchard T. Clothier,* for respondent, Keystone Insurance Company.

OPINION BY JUDGE ROGERS, March 20, 1979:

Audrey C. Weinberg has appealed from an order of the Insurance Commisioner upholding Keystone Insurance Company's refusal to renew her automobile insurance policy.

Mrs. Weinberg had been insured by Keystone since 1974. In 1975 and 1976, Keystone paid three claims in the total amount of $4282.04 arising out of accidents in which the appellant's husband was the driver. On June 11, 1976, Keystone sent Mrs. Weinberg notice of the nonrenewal of her policy. She sought review and an administrative hearing concerning Keystone's action by the Insurance Commissioner of Pennsylvania. While the matter was pending, whether because of a computer's mistake as claimed by Keystone or by agreement between Keystone and Mrs. Weinberg as she contends, the policy was renewed but at an increased premium.

On June 7, 1977, near the end of the new policy year and although there had been no new claims on the policy, Keystone sent Mrs. Weinberg another notice of nonrenewal. Mrs. Weinberg again instituted the review and administrative hearing procedures with the Insurance Department provided by Sections 8, 9 and 10 of the Act of June 5, 1968, P.L. 150, 40 P.S. §§1008.8, 1008.9, 1008.10. After an informal review, a Department Investigator upheld the notice of nonrenewal. Mrs. Weinberg then requested a formal administrative hearing. Prior to the hearing her attorney-at-law wrote two letters to the Insurance Department in which he pointed out that because the only ground under the Act of June 5, 1968 upon which the notice of nonrenewal could be attacked was discrimination by reason of age, sex and possibly race, which indeed Mrs. Weinberg had been charging, she was required to adduce evidence concerning Keystone's policyholders and the company's cancellation and nonrenewal practices obtainable only from Keystone. To obtain this, counsel requested subpoenas *ad testificandum* and subpoenas *duces tecum* and also propounded a series of questions descriptive of the information needed from Keystone. The Insurance Department failed to answer either of these letters.

The administrative hearing was finally convened in October 1977. The record of this proceeding consisted only of a colloquy among counsel for the parties and the Insurance Department's representative, during which Mrs. Weinberg's counsel complained of the Department's failure to respond to his letters concerning what he then called and still calls "discovery." The Insurance Commissioner eventually filed an Order and Determination upholding Keystone's termination of Mrs. Weinberg's automobile insurance.

On her present appeal from the Order and Determination just mentioned, Mrs. Weinberg contends that she was denied procedural due process because she was denied discovery; and that the Commissioner erred in not concluding that Keystone had contracted away its right to terminate her insurance on account of the three accidents in 1975 and 1976 because it had renewed her policy at a higher premium with knowledge of those accidents.

We note at this point that the Order and Determination is on a form containing blanks to be filled in to suit the case. The form Order and Determination in this, the Weinberg case, as might be supposed, makes no reference to Mrs. Weinberg's requests for subpoenas or to her contentions with regard to the effect which should be given to Keystone's action of renewing her policy at an increased rate with knowledge of the accidents which occasioned the first threat of nonrenewal.

With respect to the appellant's first contention, we first note that discovery generally as provided by the Pennsylvania Rules of Civil Procedure in court proceedings is not made available in administrative proceedings. We further note, however, that Rule 35.142(a) of the General Rules of Administrative Practice and Procedure, 1 Pa. Code, Section 35.142 (a), provides that subpoenas for the attendance of

witnesses or for the production of documentary evidence may issue upon application to the agency head in writing, or orally, if made during a hearing. The Rule also provides that the written applications must specify the general relevance, materiality and scope of the testimony and documentary evidence sought. Mrs. Weinberg's counsel asked for subpoenas and described the information he was seeking. The Insurance Department, if it had any question concerning the regularity of the request, never expressed it; and indeed, as we noted, the request has been entirely ignored by the Department. Since Mrs. Weinberg has not been provided with a right incident to the hearing conferred by the Regulation, we must set aside the Order and Determination appealed from and remand the matter for a hearing in which the Rule if again invoked will be observed.

As we have also noted, the Order and Determination makes no reference to Mrs. Weinberg's contention that Keystone has contracted not to terminate her policy on account of the accidents in which her husband was involved prior to the first notice of non-renewal. The new hearing may be the occasion of some attention to this matter, as well as to her contention that Keystone is estopped from terminating her policy.

We will therefore set aside the Order and Determination of November 10, 1977 and remand the record for a new formal administrative hearing in accordance with law and the Rules of Administrative Practice and Procedure.

### ORDER

AND Now, this 20th day of March, 1979, the Order and Determination appealed from made November 10, 1977 is set aside; and the record is remanded for a new hearing in accordance with law and the Rules of Administrative Practice and Procedure.